IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO. H-07-155 |
| | § | |
| AYAD FALLAH and MURAD ALMASRI, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

Defendants Ayad Fallah and Murad Almasri have asked this court to reconsider the order detaining them pending trial. This is a health-care fraud case that has been designated complex. It is scheduled to begin trial in January 2008. The Magistrate Judge ordered these defendants detained after considering the evidence presented in a three-day detention hearing. The Magistrate Judge found that both defendants were flight risks and that no combination of conditions could be imposed to ensure their appearance.

Both motions to reconsider are discussed below.

**I.     The Legal Standard**

When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). In this case, the government contends that the defendants' are such a flight risk that detention pending trial is necessary. In evaluating

whether there are conditions of release that will reasonably assure the appearance of a defendant at trial, this court must consider the factors laid out by 18 U.S.C. § 3142(g). They are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; and (3) the history and characteristics of the person, including (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (B) whether at the time of the current offense or arrest the defendant was on probation or parole.

**II.     Analysis**

### (1)     The Nature and Circumstances of the Offense Charged

The defendants are charged with health care fraud, conspiracy to commit health care fraud, and money laundering. If convicted, they face a maximum sentence of ten years and the possibility of a higher sentence if multiple counts of conviction occur and result in consecutive penalties. The severity of the potential sentences weighs in favor of detention.

### (2)     The Weight of the Evidence Against the Defendants

The defendants were apprehended as a result of an investigation. The evidence is voluminous. The defendants have denied guilt and are expected to defend vigorously, including by arguing that to the extent there were violations of the regulations, the defendants themselves were victims, not perpetrators.

### (3) The History and Characteristics of the Person

No information was presented at either the hearing held by this court, or at the hearing held by Judge Botley, that the defendants had a history of drug or alcohol abuse or criminal history. Both defendants have extensive contacts, both personal, familial, and business, outside the United States. Defendant Fallah has a wife, child, brother, and father in Lebanon. He owns property in Lebanon. He owns a home in Fort Bend County, which he rents out. In Houston, Fallah has lived in a leased apartment. He has business interests in the Ukraine and in Lebanon. Although Fallah asserts that the Lebanese Army recently destroyed the camp that included his village and caused him to lose his investments in this village, Fallah does not address the evidence as to other business interests and assets he holds outside the United States.

Defendant Almasri has two children in this country, and he argues that they are a powerful tie to this country. The evidence, however, shows that on the day of his arrest, he first went to a travel agent's office where he purchased a ticket to leave the country that afternoon for Amman, Jordan. Almasri owns no property in the United States.

The cases make it clear that there must be evidence of longstanding ties to the locality in which the defendant faces trial. *U.S. v. Rueben*, 974 F.2d 580 at 586. The ties to the locality, including family ties, must be the "sort of family ties from which we can infer that a defendant is so deeply committed and personally attached that he cannot be driven from it by the threat of a long prison sentence." *Id*. The family ties must be the type of relationship that exert a level of control that would prevent the defendant from fleeing. *See United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987). This court finds that combination of the

defendants' strong family and financial ties to countries outside the United States; the lack of property in Houston; the access to financial resources to facilitate flight; and the severe sentence the defendants may face if convicted, support the finding that no combination of conditions can be imposed that will reasonably assure the defendants' appearance at trial. *See U.S. v. Cisneros*, 328 F.3d 610, 618 (10th Cir. 2003) (finding that the defendant "is a flight risk because of her present knowledge of the seriousness of the charges against her and the resources available to her to abscond to Mexico [where she had close family ties] should she choose to do so").  As to Almasri, the evidence shows that the presence of his wife and two children in Houston did not prevent him from attempting to flee to Jordan.  This court denies defendants' motion for reconsideration of the order of detention pending trial.

The defendants also moved for bail after detention.  The government has not caused delay in setting the case for trial.  Given the evidence establishing the risk of flight, the length of detention is not such as to require bond.

SIGNED on October 10, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

4